# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

BLAKE KEVIN STOVER,

      Defendant-Appellant.

UNPUBLISHED
December 17, 2015

No. 321742
Wayne Circuit Court
LC No. 13-009768-FH

Before: JANSEN, P.J., and CAVANAGH and GLEICHER, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

      I concur with the majority's resolution of this case but for its determination that remand for a *Crosby* hearing is unnecessary because defendant was not prejudiced by judicial fact-finding in the calculation of defendant's offense variable scores.[1] The trial judge expressed a preference to sentence defendant within the guidelines, explaining: "I don't want this case coming back." The majority assumes that the trial court would sentence defendant above the guidelines if permitted to do so on remand. While this may be true, I believe that defendant must be afforded an opportunity to run that risk. Defendant has demonstrated preserved plain error with regard to his sentence and in my view is thereby entitled to avail himself of the remedy set forth in *Lockridge*.

                                         /s/ Elizabeth L. Gleicher

---

[1] In *People v Lockridge*, 498 Mich 358, 399; __ NW2d __ (2015), the Supreme Court held that where a defendant's offense variables were scored based on judicially-found facts and "a corresponding reduction in the defendant's OV score to account for the error would change the applicable guidelines minimum sentence range," remand is required for a hearing modeled on the procedure set forth in *United States v Crosby*, 397 F3d 103 (CA 2, 2005).